UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ANTHONY M. AUGUSTA,

                Plaintiff,

    -against-

JUDGE JOHN GLEESON,

                Defendant.
----------------------------------------X

**MEMORANDUM
AND ORDER**
12-CV-04557 (ENV)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 19 2012 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge:

On September 6, 2012, plaintiff, proceeding *pro se*, filed this complaint against the Honorable John Gleeson, United States District Judge, Eastern District of New York. Plaintiff alleges that he was treated unfairly because he proceeded *pro se* in *Augusta v. Community Development Corporation Of Long Island, Inc.*, 07-CV-361(JG). Plaintiff seeks damages of ten million dollars. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons stated below.

**I. Standard of Review**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief



1

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## II. Discussion

Plaintiff's claim against the Honorable John Gleeson must be dismissed because judges have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *See Warden v. Dearie*, 172 F.3d 39 (2d Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Plaintiff's complaint contains no allegations suggesting that Judge Gleeson acted outside his judicial capacity or without jurisdiction. Therefore, the complaint is dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. Conclusion

For the forgoing reasons, plaintiff's complaint is dismissed. The Court declines to give leave to plaintiff to amend his complaint because to do so would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

2

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
       September 13, 2012

3